## GRACE T. MYTINGER, Petitioner, *v.* COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket No. 3592.    Decided September 22, 1926.

Installment sales provisions *held* not applicable to transactions where improved real estate is sold for a consideration paid by a cash payment of approximately 25 per cent and notes secured by mortgage for the balance which notes are in the same year sold for cash.

*Harry C. Weeks, Esq.*, for the petitioner.
*Robert A. Littleton, Esq.*, for the respondent.

This is a proceeding for the redetermination of deficiencies in income and profits taxes for the years 1919 and 1920 in the amounts of $879.09 and $456.25, respectively.

The controversy between the parties is as to the amount of the net income of the two partnerships in which the petitioner's husband owned an interest. The husband's distributive share of the partnerships' net income was reported by both the husband and the wife as income of the community. The Commissioner increased the amount

of the net income of both partnerships with the result that the husband's distributive share of the partnerships' net income was increased as was the community income and the wife's portion thereof.

### FINDINGS OF FACT.

The petitioner and her husband were, during the years in question, residents of Wichita Falls, Tex. The husband was a partner in the firms of Staniforth, Mytinger & Walker, and the Wichita Falls Lumber & Building Co. In 1919 he owned a one-fourth interest in the first of such partnerships, and in 1920 he had the same interest as to a part of its earnings and a one-third interest in the remainder of its earnings. In the second partnership he had a one-fourth interest in 1919 and a one-fifth interest in 1920. The first partnership was engaged exclusively in the business of buying unimproved residential lots in Wichita Falls, Tex., building residences thereon, and selling the improved properties. The Wichita Falls Lumber & Building Co. engaged to some extent in the same business. It is the profit from the sale of residences resulting in income to the partnership which is in controversy.

The partnerships, by small initial cash investments supplemented by bank loans, purchased residential lots and erected residences thereon for the purpose of sale. The sales were made for part cash and the balance was represented by deferred payments evidenced by the notes of the purchasers. The notes were secured in each case by vendor's lien upon the property sold and in some cases by a deed of trust. The cash payment received at the time of sale averaged about 25 per centum of the sale price. The notes of the purchasers bore 8 per cent interest. The notes as a general proposition were three or more in each case and matured over a period of from three to five years. All the notes received by reason of the sale of residences during the years in question were sold during the years 1919 and 1920 for their face value with no discount whatsoever. All notes so sold were endorsed and guaranteed by the partnerships. This latter security which the purchasers of the notes received was in addition to the primary liability of the makers of the notes and the properties so sold. During the years 1919 and 1920 the partnerships suffered no losses by reason of their endorsement of any of the notes sold. For the years 1919 and 1920 the partnerships reported as income the difference between the cash payment received, together with the sum received from the sale of the notes, and the cost of the property.

50144°—27——60

OPINION.

GREEN: If the notes which the partnerships received from the purchasers of the residences and which it sold in the same year are to be treated as the equivalent of cash, then by stipulation of counsel for the taxpayer there is no controversy as to the correctness of the computation of income for the respective years in question. Counsel for the taxpayer contends that the deficiencies for the years in question have been incorrectly determined and in support of the same submits three alternative arguments,—first, the monies received by the partnerships from the sale of the notes were advances to the partnerships upon their own credit and should not be considered as sales of the notes in the sense that a profit or loss was ascertained therefrom at the time the transactions took place; second, all sales in which one-fourth or less of the sale price was received in the year of sale were installment sales and should be included on the installment basis in arriving at the net income of the respective partnerships; and, third, the notes, without the partnership endorsement, could not have been sold for more than 80 per centum of their face value and a 20 per centum discount should be applied when determining income.

We think none of the contentions of counsel for the taxpayer are controlling by reason of the facts in this appeal. The respective partnerships sold residences during the years in question for which they received certain cash payments and notes of the purchasers of the residences secured by vendor's lien or deeds of trust—the partnerships sold the notes during the years in question for their face value. For example, if a residence was sold for $5,000, the partnership receiving $1,000 in cash and notes for $4,000, and if it sold the notes for $4,000 cash, it thus received full payment for its property and should report as income the difference between the amount received and the cost of the property sold. Under such a state of facts, the cash received on the sale of notes can not be disregarded and the installment sale provisions of the statute applied, or a discount value allowed for the notes in question.

It is true that when the partnerships sold the notes they were also endorsers thereon, and no doubt their endorsement was the reason for their receiving the face value of the notes, but during the years in question no losses were sustained by reason of endorsement of the notes and their liability would only arise when the purchasers of the residences defaulted in payment and execution was had under the vendor's lien or deed of trust, neither of which contingencies occurred during the years in question.

*Judgment for the Commissioner.*